THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEAL ENGWALL, et al
Plaintiffs,
vs.
BOBBY TINSLEY, et al
Defendants.
_________________________/

Case No. 8:22-cv-00638-WFJ-AAS

**DEFENDANT, JEREMY RAMOS' MOTION TO DISMISS AND STRIKE AMENDED COMPLAINT (DOC. 13)**

COMES NOW, the Defendant, JEREMY RAMOS, by and through undersigned counsel, and hereby moves this Court to dismiss and strike the Amended Complaint (Doc. 13), pursuant to F.R.C.P. 8(a)(2) and 12(b)(6) and 9(b), and as grounds, would state as follows:

1. The Defendant, JEREMY RAMOS, moves to dismiss and/or strike the Amended Complaint because it is an impermissible shotgun pleading. It repleads 272 rambling unrelated vague allegations with 70 exhibits into each threadbare Count in 14 Counts as to 19 Defendants, making it impossible to even guess why Defendant, JEREMY RAMOS, is being sued.

2. The 14 Counts (all threadbare) involves 19 Defendants, but groups are sued with no explanation as to what Defendant, JEREMY RAMOS, did or did not do. The 272 paragraphs (mostly unrelated to Defendant, JEREMY RAMOS, re-pled in each Count in full).

3. The Amended Complaint (Doc. 13) is an impermissible shotgun pleading in violation of F.R.C.P. 8(a)(2) and Eleventh Circuit controlling law. The Amended

Complaint does advise the Defendant, JEREMY RAMOS, what he (JEREMY RAMOS) is being sued for in the 14 threadbare Counts (I – XIV), and specifically what Defendant, JEREMY RAMOS, did that is actionable as a RICO claims (Counts II, III and IV) or for Declaratory Relief (Count I) and the 10 other threadbare State Court Counts (V – XIV):

4. A summary of Counts is set forth below:

• **Count I (Derivative Claim for a Declaratory Judgment):** Only two lines in ¶ 275 and 276 with no wherefore and no allegations that are not vague.

• **Count II (Racketeer Influenced and Corrupt Organizations Act/RICO, Sec. 1962(a)):** Threadbare, non-substantive, ¶ 280 and 281 with no clue what Defendant, Jeremy Ramos, did. No compliance with 9(b) heightened pleading requirements of *Ambrosia Coal & Constr. Co. v. Pages Morales, 482 F.3d 1309, 1316 (11th Cir. 2007)* and *American Dental Assoc. v. Cigna Corp., 605 F.3d 1283 (11 Cir. 2010)* (**citing** ***Brooks v. Blue Shield of Fla., Inc.,*** **116 F.3d 1364, 1380-81 (11th Cir. 1997)**

• **Count III (Racketeer Influenced and Corrupt Organizations Act/RICO, Sec. 1962(c)):** Threadbare, non-substantive, ¶ 286, 287, 288, 289 with no clue as to what Defendant, Jeremy Ramos, is sued. The Plaintiffs not only do not meet the ***Twombly*** and ***Iqbal*** plausibility, but also 9(b)'s heightened pleading requirements.

• **Count IV (Racketeer Influenced and Corrupt Organizations Act/RICO, Sec. 1962(d): RICO Conspiracy):** Threadbare, non-substantive, ¶ 293, 294, 295, with no substantive facts and no clue as to why Defendant, Jeremy Ramos, is included. Also not sufficient to survive ***Twombly*** and ***Iqbal*** and 9(b)'s heightened pleading

requirements is ***American Dental Association v. Cigna Corporation,*** ***605 F.3d 1283 (11th Cir. 2010)***

- **Count V (Breach of Fiduciary Duties including Care and Loyalty):** Threadbare, non-substantive, ¶ 299, 300, 301, 302, 303, 306, with no clue as to what Defendant, Jeremy Ramos, is being sued for.)

- **Count VI (Conspiracy through Abuse of Economic Power):** Threadbare, non-substantive, ¶ 311, 315, with no clue as to why Defendant, Jeremy Ramos, is being sued.

- **Count VII (Conspiracy – Breach of Fiduciary Duties:** Threadbare, non-substantive, ¶ 319, 320, 321, with no no clue as to why Defendant, Jeremy Ramos, is being sued. Also, no explanation of Defendant, JEREMY RAMOS' complete lack of economic power for PRIATEK, LLC.

- **Count VIII (Aiding and Abetting – Breach of Fiduciary Duties):** Threadbare with no substance. ¶ 317, 318, 319, 320, 321 and 322.

- **Count IX (Fraudulent Conversion of Corporate Assets):** Only one short ¶ 332, 334. Threadbare, no facts as to why Defendant, Jeremy Ramos, is being sued. No compliance with FRCP 9(b)

- **Count X (Conspiracy – Fraudulent Conversion of Corporate Assets):** Threadbare allegations which do not provide any fact as to why Defendant, JEREMY RAMOS, is being sued. There is only one single line in ¶ 337 and it says nothing of substance.

- **Count XI (Aiding and Abetting – Fraudulent Conversion of Corporate**

**<u>Assets)</u>:** ¶s 331, 332, 333 and 334 in the Amended Complaint are threadbare allegations that cannot support a cause of action. Moreover, the Defendant, JEREMY RAMOS, is not mentioned and there is not a clue as to what corporate assets and what fraud Defendant, JEREMY RAMOS, supposedly committed. RAMOS is not signator on any PRIATEK, LLC bank account and had no corporate assets of PRIATEK, LLC to convert.

- **<u>Count XII (Tortious Interference with Business Relationship)</u>:** Once again, only threadbare allegations. ¶s 347, 348 and 349 do not allege anything relevant or material and certainly no ultimate facts or any facts, only <u>threadbare allegations</u>. The phrase is added, "likewise other Defendants also interfered with the business relationships to injure PRIATEK." There is no clue why Defendant, RAMOS, is sued as part of a "PRIATEK Executive Team" without mentioning his name. None of the elements necessary for tortious interference are pled and there are no substantial facts to make the claim plausible. (Moreover, how does PRIATEK, LLC sue its own V.P., claiming he tortuously interfered with PRIATEK as Defendant, JEREMY RAMOS, <u>is not</u> a third party as to PRIATEK.)

- **<u>Count XIII (Conspiracy – Tortious Interference with Business Relationship)</u>:** ¶s 353 and 354 are all that is set forth and nothing is set forth as to a specific Defendant and no facts are set forth to assert a cause of action against the Defendant, RAMOS. This pleading does not come close to satisfying any requirements for pleading. It is literally a baseless claim which cannot withstand the prohibition of a shotgun pleading and the requirement of a pleading that is more than threadbare. (This

pleading is *less than* threadbare!)

- **Count XIV (Aiding and Abetting – Tortious Interference with Business Relationship)**: This count is completely threadbare and only makes a one-line statement in ¶ 358. There is no specification as to what separate gain was made and what each individual did and how they interfered. There is no clue as to what was malicious and willful and no clue as to specifically who did anything that could be considered tortious interference.

5. The 63-page Amended Complaint containing 273 vague allegations violates the Eleventh Circuit case law on impermissible shotgun pleadings, ***Weiland v. Palm Harbor, 792 F.3d 1313 (11th Cir. 2015); Vibe Micro, Inc. v. Shabanats, 878 F.3d 1291 (11th Cir. 2018), Barmapov v. Amuial, 965 F.3d 1321 (11th Cir. 2021).*** The Amended Complaint as written makes it impossible for Defendant, JEREMY RAMOS, to have any idea (or clue) why he is being sued or what specifically Defendant JEREMY RAMOS did that constitutes a cause of action.

6. The Plaintiffs have not complied with Rule 9(b) as to Defendant, JEREMY RAMOS. ***Ageloff v. Kiley, 318 F.Supp. 2d 1157 (S.D. Fla. 2004)*** (Dismissal of RICO Complaint for failure to plead with specificity of 9(b) for each act alleged.)

7. The Defendant, JEREMY RAMOS, is not on the Board of Directors of PRIATEK, LLC and has no basis to be sued in this lawsuit. It is impossible to tell from the 63-page rambling Amended Complaint what Defendant, JEREMY RAMOS, is being sued for and what he did and what damage he cased to Plaintiff, PRIATEK, LLC. The Amended Complaint violates Rule 8(a)(2). See ***Jackson v. Bank of America,***

***898 F. 3d 1348 (11th Cir. 2018); Vibe Micro, Inc. v. Shabanats, 878 F.3d 1291 (11th Cir. 2018); Barmapov v. Amuial, 965 F.3d 1321 (11th Cir. 2021)***

8. The Defendant, JEREMY RAMOS, was a contract employee who had no position on the Board of Directors of PRIATEK, LLC and was not a manager and had nothing to do with dictating policy or setting direction or management of the company, PRIATEK, nor firing or hiring the Managing Member of PRIATEK, LLC, nor any access to PRIATEK's bank accounts and funds and assets.

9. There are no specific acts by Defendant, JEREMY RAMOS, alleged that would constitute RICO violations or activities specifically by Defendant, JEREMY RAMOS, or specifically how JEREMY RAMOS is responsible under RICO for any specific conduct that violates RICO.

10. The Defendant, JEREMY RAMOS, cannot form a responsive pleadings because the vague, rambling Amended Complaint (Doc. 13) fails to articulate specific claims and ultimate facts against Defendant, JEREMY RAMOS, with sufficient clarity to even know why he is being sued and what Defendant, JEREMY RAMOS, did. The Amended Complaint must be dismissed. ***Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008); Vibe Micro, Inc. v. Shabanats, 878 F.3d 1291 (11th Cir. 2018); Barmapov v. Amuial, 965 F.3d 1321 (11th Cir. 2021)***

11. The Counts contain no specific allegations about Defendant, JEREMY RAMOS, and make only vague allegations with no specific allegations in the pleading/Amended Complaint or the Defendant, JEREMY RAMOS. (In fact, Plaintiffs use the phrase "EXECUTIVE MANAGEMENT TEAM" to keep the

vagueness and lack of specificity in play.) This Amended Complaint is very similar to ***Vibe Micro, Inc. v. Shabanats*, 878 F.3d 1291 (11th Cir. 2018)**, ***Barmapov v. Amuial*, 965 F.3d 1321 (11th Cir. 2021)** in terms of the number of vague counts, exhibits and complete lack of compliance with the rules for proper pleading.

12. Not one of the Counts (I – XIV) in the "Amended Complaint" aver facts directed towards Defendant, JEREMY RAMOS; rather they are directed towards groups of people with vague, threadbare allegations .

13. Nor is there a short plain statement as to specifically what Defendant, JEREMY RAMOS, specifically did to be a Defendant in each of the 14 Counts in the Amended Complaint. The 70 exhibits, rambling and vague paragraphs (272) of unclear long, rambling allegations made in the Amended Complaint are almost identical to the shotgun pleading in ***Vibe Micro***, *supra,* which was dismissed with prejudice.

14. The case law of ***Smith v. Ceres Marine Terminals, Inc.*, 2021 WL 3111614** states:

> …[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." ***Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)**. Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Id.* (quoting ***Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570** (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Smith* at 1. (Emphasis added)

15. There are no plausible facts to support each Count against Defendant, JEREMY RAMOS.

16. The Amended Complaint is verified by "Dean Trew" who has no personal knowledge of Defendant, JEREMY RAMOS, and could not possibly verify an Amended Complaint as to Defendant, JEREMY RAMOS. The Counts (pages 51 – 63) are threadbare allegations with no clue why Defendant, JEREMY RAMOS, is being sued. The requirements of ***Twombley*** and ***Iqbal*** are not met in each count as required.

17. There is no specific allegation of fraudulent conversion of corporate assets by Defendant, JEREMY RAMOS. Moreover, fraud must be pled with particularity. FRCP 9(b). There are no specific facts attributable to Defendant, JEREMY RAMOS, that support a cause of action as to PRIATEK, LLC.

18. In short, the 14 Counts and the 63-page Amended Complaint and 70 exhibits do not set forth any specific allegations about Defendant, JEREMY RAMOS, as to any Count, nor do they plead the required elements of a cause of action against Defendant, JEREMY RAMOS. Defendant, JEREMY RAMOS, is just lumped in with 18 other Defendants and mentioned as a group, making it impossible to know what JEREMY RAMOS did or did not do, what conduct constituted a RICO, tort, or other cause of action. See ***American Dental Assoc. v. Cigna Corp., 605 F.3d 1283 (11 Cir. 2010); Barmapov v. Amuial, 965 F.3d 1321 (11th Cir. 2021)***

19. The controlling case law, ***Vibe Micro v. Shabenets, 878 F. 3d 1291 (11th Cir. 2018)*** requires the Amended Complaint be dismissed as to JEREMY RAMOS as it is a shotgun pleading and also for failure to state a cause of action against Defendant, JEREMY RAMOS, pursuant to 12(b)(6). There are no ultimate facts as to Defendant,

JEREMY RAMOS, to support the multiple counts and nothing that ties JEREMY RAMOS' conduct into those counts. ***Ambrosia Coal & Constr. Co. v. Pages Morales,* 482 F.3d 1309, 1316 (11th Cir. 2007)** and ***American Dental Assoc. v. Cigna Corp.,* 605 F.3d 1283 (11 Cir. 2010)**

20. The heightened pleading requirements of FRCP 9(b) clearly apply to the RICO Counts and Fraud Counts and the Plaintiffs have not met any of those pleading requirements, especially as related to Defendant, JEREMY RAMOS. There is no clue as to why he is being sued for RICO and what Defendant, JEREMY RAMOS, specially did.) The RICO Counts II, III and IV must be dismissed because they do not plead a claim under ***Twombly*** and ***Iqbal*** and are part of an illegal shotgun complaint which makes it impossible to plead a response.)

21. The Amended Complaint seeks punitive damages in violation of §768.72 Fla. Stat. in the simple Wherefore clause and with no facts pled to support an award of punitive damages on any count. But more importantly, with no specific allegations of conduct by Defendant, JEREMY RAMOS, which support a punitive damages claim or pleading under § 768.72, Fla. Stat.

22. The "wherefore clause" (which is for all counts) also seeks attorneys' fees but the prayer for relief is not identified as to what counts it applies to. There is no contract or statute that would allow for attorneys' fees on the State Court counts or the Declaratory Relief count (Count I). (Count II, III and IV are for RICO but with no clue what Defendant, JEREMY RAMOS, did to be sued for RICO, and no other counts have a basis for attorneys' fees to be awarded by contract or statute.

WHEREFORE, the Defendant, JEREMY RAMOS, prays this Honorable Court to dismiss and/or strike the Amended Complaint, Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV and for an award of costs and attorneys' fees.

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT**

The Defendant, JEREMY RAMOS, moves to dismiss the Amended Complaint as an illegal/impermissible shotgun pleading as set forth in established Eleventh Circuit case law and District Court law addressing that issue. ***Weiland v. Palm Harbor*, 792 F.3d 1313 (11th Cir. 2015); *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008); *Vibe Micro v. Shabenets*, 878 F. 3d 1291 (11th Cir. 2018); *Barmapov v. Amuial*, 965 F.3d 1321 (11th Cir. 2021)**

F.R.C.P. 8(a)(2) states as follows:

> **Rule 8. General Rules of Pleading**
> (a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief

The Defendant, JEREMY RAMOS, is listed (generally) with 19 Defendants and with no specific allegations, despite a 63-page Amended Complaint, regarding any specific conduct, nor anything mentioning his name (Defendant, JEREMY RAMOS) in any of the 14 Counts to the Amended Complaint. The Amended Complaint is confusing and vague as to Defendant, JEREMY RAMOS. There are 273 allegations mixed in with multiple bold headings (in the 273 allegations) referring to conduct that could be a cause of action all repled into each Count I – XIV.

There are 14 Counts (threadbare) that do not mention any specific person and replead all of the 273 allegations (vague paragraphs) to the Amended Complaint which names 35 Plaintiffs and 19 Defendants, with no rhyme or reason or specificity as to Defendant, JEREMY RAMOS. See ***Vibe Micro v. Shabenets**, 878 F. 3d 1291 (11th Cir. 2018)* (Dismissal for RICO multiple counts.) ***Barmapov v. Amuial**, 965 F.3d 1321 (11th Cir. 2021)*

The Defendant, JEREMY RAMOS, moves to dismiss under 12(b)(6) and also 8(a)(2) and 9(b ). The 14 Counts (63 pages) set forth in the Amended Complaint do not state a cause of action against Defendant, JEREMY RAMOS, and they should all be dismissed with prejudice and/or stricken. See ***Vibe Micro v. Shabenets**, 878 F. 3d 1291 (11th Cir. 2018); **Barmapov v. Amuial**, 965 F.3d 1321 (11th Cir. 2021).* There are literally no specific allegations to establish that Defendant, JEREMY RAMOS, is legally liable under any of the 14 threadbare Counts.

Defendant, JEREMY RAMOS, was not on the Board of Directors of PRIATEK, LLC and did not undertake any (management) activities that could be considered RICO a racketeering, tortious interference, conversion, theft, conspiracy or breach of fiduciary duty. The 14 Counts in the Amended Complaint name "categories" of possible persons without mentioning Defendant, JEREMY RAMOS, specifically doing anything at all, nor pleading what Defendant, JEREMY RAMOS, did and the damages that Defendant, JEREMY RAMOS, specifically caused. The Amended Complaint is clearly an illegal shotgun pleading and makes no specific allegations as to Defendant, JEREMY RAMOS, tied to any identifiable tortious or RICO conduct.

The Eleventh Circuit case law on shotgun pleadings prohibits the Amended Complaint that was filed. ***Weiland***, ***Lampkin-Asam***, ***Vibe Micro***, ***Barmapov***, *supra*.

Not only is the Amended Complaint vague and a defense cannot be reasonably framed for Defendant, JEREMY RAMOS, it does not place Defendant, JEREMY RAMOS, on notice as to what he did and what he is being sued over as to each of the 14 Counts in the Amended Complaint.

The Defendant, JEREMY RAMOS, is only mentioned in the Amended Complaint in a few places, but all 273 paragraphs (unrelated to RAMOS) are repled in each of the 14 Counts, and none of these establish a specific cause of action against JEREMY RAMOS, nor support the 14 Counts (threadbare) that are set forth in short form and mention and allege nothing specific as to Defendant, JEREMY RAMOS.

For the above reasons, the Plaintiffs' Amended Complaint against Defendant, JEREMY RAMOS, must be dismissed. The sole basis for Federal jurisdiction appears to be the baseless RICO claims (Counts II, III and IV) and the unclear and vague Declaratory Count (Count I) which have not set forth with any specificity as to any such violations of RICO by JEREMY RAMOS.

**Count I**
**(Derivative Claim for a Declaratory Judgment)**

Count I does not plead or set forth the Defendant, JEREMY RAMOS, involved in any respect and alleges removing the current Board of Directors of PRIATEK, LLC. Defendant JEREMY RAMOS has never been on the Board of Directors of PRIATEK, LLC, nor Manager. The elements of Declaratory Relief are not pled in Count I and the two very short paragraphs (¶ 275, 276) in Count I give no clue as to what is being

sought to be declared. Count I does not state a cause of action for Declaratory Relief, does not state how Defendant JEREMY RAMOS is involved, and gives no clue as to what is specifically being sought to be declared by the Court.

**Count II**
**(Racketeer Influenced and Corrupt Organizations Act/RICO, Sec. 1962(a))**

Count II, once again, (in ¶ 280) does not give any clue as to why Defendant, JEREMY RAMOS, is being sued for a RICO violation and there is no detail. In fact, there is only a generic title used of the "PRIATEK Executive Team." ¶ 280 provides no clue as to what RICO violations Defendant, JEREMY RAMOS, committed, nor what damage Defendant, JEREMY RAMOS, did. The heightened pleading requirements of 9(b) are not met. There is no indication as to what is being sought, nor the actions of Defendant, JEREMY RAMOS. (JEREMY RAMOS was not a director of PRIATEK, LLC, did not have signator on bank accounts of PRIATEK, LLC and signed no contracts for PRIATEK, LLC.) There is a vague, unexplained threadbare allegation of extortion by the "Defendants" and conversion of assets for personal gain, but nothing specific as to what, if anything, Defendant, JEREMY RAMOS, converted or took, who he extorted, when he extorted, or when and how he committed "racketeering activity" and what specifically it was. Count II clearly does not state a cause of action against Defendant, JEREMY RAMOS.

**Count III**
**(Racketeer Influenced and Corrupt Organizations Act/RICO, Sec. 1962(c))**

Once again, this Count does not state what Defendant, JEREMY RAMOS, did, what extortion occurred, what personal gains JEREMY RAMOS received, and what

power JEREMY RAMOS usurped. JEREMY RAMOS is not on the Board of Directors of PRIATEK, LLC, Defendant, JEREMY RAMOS, did not commit multiple related acts, and there is no multiple related acts attributed to him. There is no pattern of racketing activity identified that Defendant, JEREMY RAMOS, is a part of or that JEREMY RAMOS committed, and there is no indication as to how JEREMY RAMOS directly committed any racketeering activity or what it is. There is no specificity at all as to what JEREMY RAMOS did that was a violation of RICO, nor how it directly injured the business and property or had anything to d with fraudulently converting assets. This Count, along with RICO Counts II, III and IV, are completely devoid of the factual allegations necessary against Defendant, JEREMY RAMOS, individually.

**Count IV**
**(Racketeer Influenced and Corrupt Organizations Act/RICO, Sec. 1962(d): RICO Conspiracy)**

Once again, 272-paragraphs in the Amended Complaint of vague allegations are repled in their entirety into Count IV and there is no specific Defendant named, only the "PRIATEK Executive Team" mentioned. There is a vague allegation of a conspiracy to use or invest income derived from a pattern of racketeering activity and to acquire or maintain an interest in a pattern of racketeering activity (buzz words with no substance or specificity). JEREMY RAMOS was not even on the Board of Directors at PRIATEK, LLC and was not a signator on any bank accounts of PRIATEK, LLC, nor made management decisions as to money, expenditures, etc. There is no specific allegation of anything that Defendant, JEREMY RAMOS,

specifically did that constitutes racketeering or a pattern of racketeering activity. There were no specific acts by the Defendant, JEREMY RAMOS, identified and no schemes identified as to Defendant, JEREMY RAMOS. There was a vague, threadbare claim of a conspiracy, but no specific facts are pled as to what Defendant, JEREMY RAMOS, did to injure PRIATEK, LLC or the business. There was no extortion of the Managing Member, and certainly no misappropriation of company assets by Defendant, JEREMY RAMOS. No one could respond to this deliberately vague Amended Complaint and Count IV does not state a cause of action and is part of an impermissible shotgun pleading that must be dismissed with prejudice. ***Vibe Micro***, ***Barmapov***, *supra.*

**Count V**
**(Breach of Fiduciary Duties including Care and Loyalty)**

There is no clue in Count V of the Amended Complaint as to what Defendant, JEREMY RAMOS, did. There is a generic PRIATEK Executive Team referred to which is another way of saying "the Plaintiffs do not have any idea what Defendant, JEREMY RAMOS, did or did not do." More importantly, no one knows if JEREMY RAMOS did *anything*. JEREMY RAMOS cannot understand why he is in the lawsuit. There is no specific conduct by JEREMY RAMOS alleged to be a breach of fiduciary duty. There is no indication as to what JEREMY RAMOS did that violated a fiduciary duty, what injury it caused, and certainly no specific fraudulent scheme that was perpetrated by Defendant, JEREMY RAMOS.

**Count VI**
**(Conspiracy through Abuse of Economic Power)**

The conspiracy counts in Count VI and Count VII in the Amended Complaint replead 272 vague allegations, none of which identify Defendant, JEREMY RAMOS, as specifically doing anything. There was no extortion of PRIATEK's Managing Member and no misappropriation of PRIATEK, LLC's assets, nor any attempt to put the company, PRIATEK, LLC, into bankruptcy by Defendant, JEREMY RAMOS. Defendant, JEREMY RAMOS, had access to no funds of PRIATEK, LLC and was not a manager of PRIATEK, LLC. The Defendant, JEREMY RAMOS, is not mentioned by name anywhere in Count VI. The allegations appear to be related to manipulation of the Boards of PRIATEK, LLC. There is no conspiracy by JEREMY RAMOS alleged or set forth or pled, just a series of vague allegations with no specificity of any kind. Defendant, JEREMY RAMOS, was not a Board Member, did not sign PRIATEK, LLC contracts, and had no access to PRIATEK, LLC's funds or bank accounts. Defendant, JEREMY RAMOS, did not choose Managing Members or Board Members for PRIATEK, LLC. Defendant, JEREMY RAMOS, had no economic power, nor is specific economic power alleged.

**Count VII**
**(Conspiracy – Breach of Fiduciary Duties)**

There is no specificity of any acts that JEREMY RAMOS committed that could be considered to state a cause of action or a conspiracy. His name is not mentioned at all in Count VII. There are 272 allegations repled with 70 exhibits and Defendants. There is no cause of action stated for a conspiracy against JEREMY RAMOS, only an illegal and vague shotgun pleading that does not give a clue who specifically did what and why JEREMY RAMOS is being sued at all.

**Count VIII**
**(Aiding and Abetting – Breach of Fiduciary Duties)**

The Defendant, JEREMY RAMOS, is sued for aiding and abetting, but not by name, and only by use of the word "PRIATEK Executive Team." There is an allegation to misappropriate company assets (but no dates, amounts, nor JEREMY RAMOS involvement). However, there are no assets that were ever misappropriated by Defendant, JEREMY RAMOS. (Defendant, JEREMY RAMOS, had no signator or access to PRIATEK, LLC's accounts or funds.) There is mention of acting in concert to orchestrate self-interested actions, but not a clue as to what JEREMY RAMOS ever did to do this. There is no specific "wherefore clause" as to this Count.

**Count IX**
**(Fraudulent Conversion of Corporate Assets)**

The Defendant, JEREMY RAMOS, is not specifically named, but all Defendants are sued which is 19 Defendants with no specificity. Fraud must be pled with particularity. FRCP 9(b). There is mention that each individual converted PRIATEK, LLC assets for their separate gain, but there is no specific asset that is alleged to have been converted by Defendant, JEREMY RAMOS, for his personal gain. Defendant, JEREMY RAMOS, was paid for his services by invoice and there was never any conversion of any PRIATEK, LLC assets by JEREMY RAMOS. JEREMY RAMOS had no access to PRIATEK, LLC's bank accounts, funds, or assets. There is an allegation of fraudulent conversion of corporate assets, but nothing alleged specifically that JEREMY RAMOS did or took, nor is Defendant, JEREMY RAMOS, specifically named. There is no specificity, no dates or times, and no specific

allegations.

**Count X**
**(Conspiracy – Fraudulent Conversion of Corporate Assets)**

Once again, in this shotgun pleading, there are only ¶347 which gives no clue as to how it relates to Defendant, JEREMY RAMOS, what Defendant, JEREMY RAMOS, took for his own personal gain, and what was converted by Defendant, JEREMY RAMOS, and when and where the fraud took place. This threadbare count does not state a cause of action and is subject to Rule 9(b)'s heightened pleading requirement.

**Count XI**
**(Aiding and Abetting – Fraudulent Conversion of Corporate Assets)**

This Count alleges bare aiding and abetting in ¶s 341, 342 and 343 (one line bare allegations) but does not state how each individual and corporate Defendant performed to substantially to convert PRIATEK assets for their separate gain or how it was willful and malicious. There is no clue what this is about! The Defendant, JEREMY RAMOS, is just "thrown in" with anybody and everybody. There is no specific allegation of aiding, abetting, or conversion by Defendant, JEREMY RAMOS, nor any clue how Defendant, JEREMY RAMOS, converted PRIATEK, LLC's accounts for his separate gain as alleged in ¶s 342, 343.

**Count XII**
**(Tortious Interference with Business Relationship)**

The allegations of tortious interference (in ¶s 347, 348 and 349, one line each) are not set forth and there is no specificity as to what JEREMY RAMOS did to interfere with the business relationship, nor any action that was undertaken as part of a

conspiracy or any conspiracy that is pled as to Defendant, JEREMY RAMOS. Count XII repleads 272 allegations, and does not state how Defendant, JEREMY RAMOS, is being sued under this Count. There is no allegation as to what JEREMY RAMOS did and no clue as to why he is being sued personally as to tortious interference, and no mention of his name anywhere in any of the Counts. How was Defendant, JEREMY RAMOS, a third party? Tortious Interference must be by a Third Party (independent), not a part of PRIATEK, LLC (a key element).

**Count XIII**
**(Conspiracy – Tortious Interference with Business Relationship)**

This Count also does not state a cause of action and is an impermissible shotgun pleading and does not suggest in any way, shape or form how there is a conspiracy by each Defendant (19 separate Defendants) and each corporate Defendant without any specific allegations as to what Defendant, JEREMY RAMOS, did and how he was guilty of a conspiracy. ¶ 353 does not set forth any basis. This shotgun pleading must be dismissed, along with the other vague counts (I – XIV). No one could guess how to respond to this Count. Defendant, JEREMY RAMOS, is not pled with sufficient clarity as to the cause of actions against Defendant, JEREMY RAMOS. How was Defendant, JEREMY RAMOS, a third party?

**Count XIV**
**(Aiding and Abetting – Tortious Interference with Business Relationship)**

The final Count is Count for aiding and abetting - tortious interference. There are no facts to support personal or separate gain for each Defendant. There are so many Defendants that no one can tell who is being sued or why. The Defendant,

JEREMY RAMOS, is entitled to know how he aided and abetted a tortious interference.

## PUNITIVE DAMAGES PLED WITHOUT FACTUAL SUPPORT § 762.72, FLA. STAT.)

The additional ground for dismissal is the pleading of punitive damages in the "Wherefore Clause" in the prayer for relief on page 61 of the Amended Complaint. The Counts in which punitive damages are sought are not identified, nor are the persons. If RICO is allowed, it provides for treble damages which takes the place of punitive damages. Therefore, punitive damages cannot be awarded on the 3 RICO counts (II, III, IV) and it is evidently being sought on the 10 State Court counts (V – XIV) but there is no clarity. There are insufficient factual allegations in the Amended Complaint as to Defendant, JEREMY RAMOS, to allow punitive damages. There is no basis or facts pled sufficient to support punitive damages under § 768.72, Fla. Stat. See ***Smith v. Ceres Marine***, *supra,* (under punitive damages).

## CONCLUSION

For the above reasons, the Amended Complaint against Defendant, JEREMY RAMOS, must be dismissed and/or stricken as it is an illegal shotgun pleading and because it does not state a cause of action against Defendant, JEREMY RAMOS, as to any Counts of the Amended Complaint and Defendant should be awarded attorneys' fees.

## CERTIFICATION

Counsel certifies under Rule 3.01 that he has conferred with Plaintiffs' counsel before filing this Motion to Dismiss and/or Strike.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of June 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing Derek P. Usman, Esq., The Usman Law Firm, P.A., (Attorney for Plaintiff), 505 E. Jackson Street, Suite 305, Tampa, FL 33602.

**JAWDET I. RUBAII, P.A.**

*/s/ Jawdet I. Rubaii*
Jawdet I. Rubaii, Esq.
Attorney for Defendant, JEREMY RAMOS
1358 South Missouri Avenue
Clearwater, FL 33756
(727) 442-3800/Facsimile (727) 442-0504
FBN-276601/SPN-116744
Email: rubaiilaw@gmail.com
Secondary email: jrubaii@aol.com