UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEAL ENGWALL, *et al.*,

    Plaintiffs,

v.                                               Case No: 8:22-cv-638-WFJ-AAS

BOBBY TINSLEY, *et al.*,

    Defendants,

and

PRIATEK, LLC,

    Nominal Defendant.

_____/

**<u>ORDER</u>**

This matter comes before the Court on the Motion for Sanctions, Dkt. 188, filed by Defendants SKUxchange, Robert Zaccardo, James Sampey, Kenneth Douglas, Bobby Tinsley, Roberto L. Quintana, David Chidekel, Moshe Joshua, Jon Najarian, and Dreamdaze Technology, Inc (collectively, "Movants"). Plaintiffs Neal Engwall and Dean Trew have filed a response, Dkt. 192, to which Movants have replied, Dkt. 197. Movants thereafter filed a Motion for Oral Argument on this matter. Dkt. 198. Upon careful consideration, the Court denies both motions.

## BACKGROUND

On March 18, 2022, Plaintiffs, members of Priatek, LLC, initiated this derivative action against Defendants, who include current and former investors, board members, and executive team members of Priatek. Dkt. 1. Shortly thereafter, Plaintiffs filed an amended complaint. Dkt. 13. In June 2022, two Defendants filed motions to dismiss the amended complaint, Dkts. 41 & 47, but both motions were mooted by Plaintiffs' filing of their Second Amended Complaint on September 1, 2022, Dkt. 51. Following the Court's granting of multiple extensions, Defendants filed several motions to dismiss the Second Amended Complaint between November 2022 and February 2023. Dkts. 88, 89, 90, 96, 115, 124, 148, 159, 163.

On February 9, 2023, the Court held a hearing on the nine pending motions to dismiss. Dkt. 167. At the conclusion of the hearing, the Court directed each side to submit proposed orders on the motions by March 2, 2023. On that date, Plaintiffs instead filed a motion to voluntarily dismiss their case without prejudice. Dkt. 181. On March 13, 2023, the Court granted the motion, and the Clerk closed the case. Dkt. 187. Movants now seek sanctions against Plaintiffs and their attorney, Derek Usman, pursuant to Federal Rule of Civil Procedure 11. Dkt. 188. Movants assert that Plaintiffs and Mr. Usman pursued "inflammatory claims for which they had no reasonable factual or legal basis, and which were motivated by bad faith[.]" *Id.* at 3.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 11, "[i]n filing a pleading in federal court, an attorney certifies that he or she has conducted a reasonable inquiry and that the pleading is well-grounded in fact, legally tenable, and is not presented for any improper purpose." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (internal quotation marks and citation omitted). If that certification is violated, a court may impose sanctions. Fed. R. Civ. P. 11(c).

When faced with a motion for sanctions under Rule 11, the Eleventh Circuit requires district courts to engage in a two-step inquiry. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996); *Jones v. Int'l Riding Helmets, Inc.*, 49 F.3d 692, 695 (11th Cir. 1995). First, the court must determine whether the party's claims are objectively frivolous under the circumstances. *Worldwide Primates*, 87 F.3d at 1254. A claim is objectively frivolous if it: (1) has an improper purpose; (2) has no reasonable legal basis; or (3) has no reasonable factual basis. *Id.* Second, the court must determine whether the person who signed the pleading should have known that the claims made therein were frivolous. *Worldwide Primates*, 87 F.3d at 1254.

Rule 11 sanctions may be appropriate where a party exhibits "deliberate indifference" to the facts or the law. *Davis v. Carl*, 906 F.2d 533, 537 (11th Cir. 1990). However, sanctions are not appropriate merely because a party's evidence

3

appears weak, or its case was brought in "poor judgment." *Id.*; *see also Baker*, 158 F.3d at 524 n.45. Ultimately, "even if the court determines that a Rule 11(b) violation has occurred, the decision whether to impose sanctions remains within the court's discretion." *Jacobi v. Experian Info. Sols., Inc.*, No. 20-CV-60591-SMITH/VALLE, 2021 WL 8894793, at *4 (S.D. Fla. Aug. 20, 2021) (citation omitted); *see also* Fed. R. Civ. P. 11, Advisory Comm. Notes, 1993 Amends.

## ANALYSIS

In their present motion, Movants assert that Plaintiffs and Mr. Usman should be sanctioned under Rule 11 for pursuing frivolous claims in bad faith. *See* Dkt. 188. Though Movants have requested a hearing on their present motion, *see* Dkt. 198, "Rule 11 does not require that a hearing separate from trial or other pretrial hearings be held on Rule 11 charges before sanctions can be imposed; indeed the Advisory Committee Note indicates that the contrary is preferable." *Donaldson v. Clark*, 819 F.2d 1551, 1560 (11th Cir. 1987). The Court does not find a hearing to be necessary.

According to Movants, this case was orchestrated by non-party Milind Bharvirkar, Priatek's managing member, as retaliation against the individual Defendants who left Priatek. *See e.g.*, Dkt. 188 at 3, 18. Movants contend that they informed Mr. Usman of the baselessness of his clients' claims in July 2022 by providing him with an expert declaration and other evidence refuting Plaintiffs'

4

claims. *Id.* at 2. Mr. Usman purportedly "never provided any evidence to rebut Movants' expert declaration or the other direct evidence that Plaintiffs' claims were without merit" prior to filing the Second Amended Complaint on September 1, 2022. *Id.*

Despite Movants' assertions, the Court finds that Rule 11 sanctions are not warranted. Though hindsight suggests that Plaintiffs and Mr. Usman should have heeded Movants' expert declaration and evidence refuting Plaintiffs' claims, the Court "is expected to avoid using the wisdom of hindsight[.]" *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1507 (11th Cir. 1993). There is no indication that discovery was anywhere near its conclusion when Movants provided Mr. Usman with their expert declaration and evidence.[1] At that early stage in the case, Mr. Usman and Plaintiffs were not required to accept their opponents' evidence or expert declaration at face value. They were, instead, entitled to engage in "further investigation or discovery." *See* Fed. R. Civ. P. 11, Advisory Comm. Note, 1993 Amends. Limiting that investigation period to the less-than-two-months between Movants' disclosure of their evidence and the Court-imposed deadline to file a Second Amended Complaint would be unreasonable. Moreover, the record does not reflect that Mr. Usman wholly failed to investigate his clients' claims before

---

[1] For whatever reason, the parties failed to file a case management scheduling order as required by the Middle District of Florida's Local Rule 3.02(a)(2). *See* Dkt. 6.

filing the Second Amended Complaint. *See* Dkt. 188-2. Under the circumstances, the Court cannot say that, at the time Mr. Usman signed and filed the Second Amended Complaint, Plaintiffs' claims were objectively frivolous.

Additionally, as explained by the Advisory Committee, "if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under [Rule 11] not to persist with [its] contentions." Fed. R. Civ. P. 11, Advisory Comm. Note, 1993 Amends. Mr. Usman and Plaintiffs met this duty. Six months after filing their Second Amended Complaint, Plaintiffs moved to voluntarily dismiss their case. Dkt. 181. That motion for voluntary dismissal came less than a month after the last of Defendants' nine motions to dismiss was filed. *See* Dkt. 163. After a reasonable opportunity for further investigation, Plaintiffs abandoned their claims in satisfaction of their duty under Rule 11.

While Plaintiffs' case was ultimately supported by weak evidence, and possibly brought in "poor judgment," that does not warrant Rule 11 sanctions. *See Davis*, 906 F.2d at 537; *see also Benavides v. Miami Atlanta Airfreight, Inc.*, 612 F. Supp. 2d 1236, 1239 (S.D. Fla. 2021). The Court finds that Mr. Usman and Plaintiffs' abandonment of Plaintiffs' claims after a reasonable opportunity for further investigation renders any Rule 11 sanctions unwarranted.

## CONCLUSION

Based on the foregoing, Movants' Motion for Sanctions, Dkt. 188, and related Motion for Oral Argument, Dkt. 198, are **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on April 26, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record